GOLDEN, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

(No. 56660—Decided
July 3, 1989.)

*Dworkin & Bernstein Co., L.P.A.,*
*Patrick T. Murphy* and *Patrick J.*
*Perotti,* for appellant Reta Golden.
*Kathleen M. Sweeney,* assistant
law director, for appellees.

*Per Curiam.* We overrule the plaintiff's single assignment of error challenging the summary judgment dismissal of her wrongful detention claim against the defendant city, police department, and booking officer. The plaintiff seeks damages for her forty-eight-hour weekend detention when, after her arrest for shoplifting, the police mistakenly identified her as the subject of an outstanding out-of-state warrant for robbery. She concedes the facial validity of the fugitive warrant itself. However, she accuses the police of bad faith since they (1) refused to accept her personal identification docu-ments as proof of her identity, and (2) failed to conduct a brief, routine check of her identity until the Monday morning following her arrest.

The police department's failure to accept her personal identification provided by a relative after her arrest as proof of her identity does not show bad faith. It is apparent from the record that the department's internal verification procedures were required in order to positively establish that the plaintiff was not the subject of the fugitive warrant. Nor does the police department's failure to conduct a confirmatory check until Monday morning show bad faith since the undisputed deposition testimony of the processing officers discloses that they acted wholly in accordance with standard police practices. Further, the fact that (1) the plaintiff carried no personal identification at the time of her arrest, and (2) the plaintiff's name ("Reta Golden" — "Rita Golden") and general physical description matched the subject of the fugitive warrant precludes our finding that a genuine issue exists as to whether the police acted in bad faith. Cf. *Bridges* v. *Hanton* (Aug. 4, 1983), Cuyahoga App. No. 46231, unreported.

The trial court properly granted the defendants' motion for summary judgment since no genuine issue of material fact exists and the defendants are otherwise entitled to judgment as a matter of law. Civ. R. 56(C). Accordingly, we affirm the trial court's judgment.

*Judgment affirmed.*

ANN MCMANAMON, C.J., DYKE and J. F. CORRIGAN, JJ., concur.